EXHIBIT 5

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,

COUNTY OF SAN DIEGO

SEARCH WARRANT

No. _____49950_____

The People of the State of California, to any peace officer in the County of San Diego:

Proof, by affidavit, having been this day made before my by William Thompson, a Special Agent with U.S. Immigration and Customs Enforcement (ICE) within the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), who is also cross deputized as a San Diego Sheriff's Department Special Deputy and assigned full time with the San Diego Internet Crimes Against Children (ICAC) Task Force, that there is substantial probable cause pursuant to Penal Code section 1524 for the issuance of the search warrant, as set forth in the affidavit attached hereto and made a part hereof as is fully set forth herein, you are, therefore, commanded to make search at any time of the day, good cause being shown therefore;

**LOCATION, PROPERTY, AND/OR PERSON[S] TO BE SEARCHED**

1. The premises and all parts therein, including all rooms, safes, storage areas, containers, surrounding grounds, trash areas, garages and outbuildings assigned to or part of the residence located at **6540 Reflection Drive, Apartment 1306, City of San Diego, County of San Diego, State of California**; the residence is described as a third floor apartment in a four (4) story primarily brown stucco with beige trim building inside the "The Village Mission Valley" apartment community. A sign bearing "6540 Reflection" is affixed to the north side of the building which is situated between Reflection and Ambrosia Drives, north of Friars Road and west of Santo Road. The residence is situated on the southwest side of the building on the third floor with the numerals "1306" affixed directly to the right of the entrance when facing the apartment.

2. The person of Luke WILSON, with date of birth 04/18/1980, as well as any other persons present at the time of warrant service.

3. A BMW vehicle registered to WILSON and assigned California license 6SYN376 including the passenger compartment, trunk, engine compartment, living areas and all parts and containers therein.

4. And, for all vehicles parked at or near the premises which can be identified as being associated with this location, by keys, documents, statements or DMV records,

including the passenger compartment, trunk, engine compartment, living areas and all parts and containers therein.

## ITEMS TO BE SEIZED

For the following property, to wit; to seize and view any of the following:

1) Electronic data processing and storage devices, computers and computer systems including central processing units; internal and peripheral storage devices such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, optical storage devices, CDs, DVDs, USBs, or other memory storage devices that describe, depict, or contain images of children engaging in sexual conduct or simulated sexual conduct, as defined in subsection (d)(1) of section 311.4 of the Penal Code;

2) Peripheral input/output devices such as keyboards, printers, video display monitors, optical readers, and related communications devices such as modems that may facilitate the possession, distribution, or manufacture of images depicting children engaging in sexual conduct or simulated sexual conduct, as defined in subsection (d)(1) of section 311.4 of the Penal Code;

3) System documentation, operating logs and documentation, software and hardware instruction manuals whether stored on paper, or magnetic media such as tape, cassette, disk, diskette or memory storage devices such as optical disks that may be used to possess, distribute, or manufacture images depicting children engaging in sexual conduct or simulated sexual conduct, as defined in subsection (d)(1) of section 311.4 of the Penal Code;

4) Other devices capable of electronically or digitally storing information, including such devices as cellular phones, personal data assistants (PDA's) and the like, or computer-generated equipment or any other computer-generated image that contains or incorporates in any manner, any film or filmstrip depicting nudity and/or sexual activities, whether real or simulated, involving juveniles, juveniles with juveniles, and juveniles with adults;

5) Child erotica, including pictures of children (whether nude or clothed); images of adults posing as children engaged in sexual activity; sexual paraphernalia; cameras, photographs, movies, video tapes, negatives, slides, undeveloped film, and images, writings, documents, diaries, journals,

letters, e-mail communications, or other correspondence, reflecting a sexual interest in children or related to sexual activity between adults and children or between children and children;

6)     Papers, documents and effects tending to show dominion and control over said premises, including keys, lease, rental, or mortgage agreements, utility bills, canceled mail, prescription bottles, fingerprints, clothing, photographs, photographic negatives, image disks, memory sticks, undeveloped film, homemade videotapes, handwritings, documents and effects bearing a form of identification such as a person's name, photograph, Social Security number or driver's license number;

7)     System documentation, operating logs, email content, images, videos, files, folders and other documentation tending to identify victims, witnesses, or other suspects

8)     Digital data files, whether stored on a personal computing device at the aforementioned location or stored remotely and accessible by a personal computing device at the aforementioned location for the presence of images depicting children engaged in or simulating sexual conduct, children and adults engaged in or simulating sexual conduct, or other writings that tend to show dominion and control over the stored digital data files.

and, if you find the same, or any part thereof, to bring it forthwith before me at the Superior Court of the State of California for the County of San Diego, or to any other court in which the offense in respect to which the property or things is triable, or retain such property in your custody, subject to the order of this Court, pursuant to section 1536 of the Penal Code. The court further authorizes the seizure and transportation of any seized computer equipment and/or media, to a law enforcement computer forensics laboratory for forensic search and analysis.

The court further authorizes any item seized during the lawful service of the search warrant be disposed of in accordance with law by the Department of Homeland Security upon adjudication of the case or if an item is determined to not have any evidentiary value, and that the officers serving the search warrant be authorized, without necessity of further court order, to return seized items to any known victim(s) and/or owners if such items have been photographically documented.

Given under my hand and dated this 17th day of August, 2015.

JOAN P WEBER
Judge of the Superior Court

-3-

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,
## COUNTY OF SAN DIEGO

STATE OF CALIFORNIA, )    **AFFIDAVIT FOR SEARCH WARRANT**

       **(ss.**

**COUNTY OF SAN DIEGO )**   No. ___*49950*___

   I, William Thompson, do on oath make complaint, say and depose the following on this 17th day of August, 2015: that I have substantial probable cause to believe and I do believe that I have cause to search:

### LOCATION, PROPERTY, AND/OR PERSON[S] TO BE SEARCHED

1. The premises and all parts therein, including all rooms, safes, storage areas, containers, surrounding grounds, trash areas, garages and outbuildings assigned to or part of the residence located at **6540 Reflection Drive, Apartment 1306, City of San Diego, County of San Diego, State of California**; the residence is described as a third floor apartment in a four (4) story primarily brown stucco with beige trim building inside the "The Village Mission Valley" apartment community. A sign bearing "6540 Reflection" is affixed to the north side of the building which is situated between Reflection and Ambrosia Drives, north of Friars Road and west of Santo Road. The residence is situated on the southwest side of the building on the third floor with the numerals "1306" affixed directly to the right of the entrance when facing the apartment.

2. The person of Luke WILSON, with date of birth 04/18/1980, as well as any other persons present at the time of warrant service.

3. A BMW vehicle registered to WILSON and assigned California license 6SYN376 including the passenger compartment, trunk, engine compartment, living areas and all parts and containers therein.

4. And, for all vehicles parked at or near the premises which can be identified as being associated with this location, by keys, documents, statements or DMV records including the passenger compartment, trunk, engine compartment, living areas and all parts and containers therein.

### ITEMS TO BE SEIZED

For the following property, to wit; to seize and view any of the following:

1      1)       Electronic data processing and storage devices, computers and

2      computer systems including central processing units; internal and peripheral

3      storage devices such as fixed disks, external hard disks, floppy disk drives

4      and diskettes, tape drives and tapes, optical storage devices, CDs, DVDs,

5      USBs, or other memory storage devices that describe, depict, or contain

6      images of children engaging in sexual conduct or simulated sexual conduct,

7      as defined in subsection (d)(1) of section 311.4 of the Penal Code;

8      2)       Peripheral input/output devices such as keyboards, printers, video

9      display monitors, optical readers, and related communications devices such

10     as modems that may facilitate the possession, distribution, or manufacture

11     of images depicting children engaging in sexual conduct or simulated

12     sexual conduct, as defined in subsection (d)(1) of section 311.4 of the Penal

13     Code;

14     3)       System documentation, operating logs and documentation, software

15     and hardware instruction manuals whether stored on paper, or magnetic

16     media such as tape, cassette, disk, diskette or memory storage devices such

17     as optical disks that may be used to possess, distribute, or manufacture

18     images depicting children engaging in sexual conduct or simulated sexual

19     conduct, as defined in subsection (d)(1) of section 311.4 of the Penal Code;

20     4)       Other devices capable of electronically or digitally storing

21     information, including such devices as cellular phones, personal data

22     assistants (PDA's) and the like, or computer-generated equipment or any

23     other computer-generated image that contains or incorporates in any

24     manner, any film or filmstrip depicting nudity and/or sexual activities,

25     whether real or simulated, involving juveniles, juveniles with juveniles, and

26     juveniles with adults;

27     5)       Child erotica, including pictures of children (whether nude or

28     clothed); images of adults posing as children engaged in sexual activity;

29     sexual paraphernalia; cameras, photographs, movies, video tapes, negatives,

30     slides, undeveloped film, and images, writings, documents, diaries, journals,

31     letters, e-mail communications, or other correspondence, reflecting a sexual

32     interest in children or related to sexual activity between adults and children

33     or between children and children;

34     6)       Papers, documents and effects tending to show dominion and

35     control over said premises, including keys, lease, rental, or mortgage

agreements, utility bills, canceled mail, prescription bottles, fingerprints,
clothing, photographs, photographic negatives, image disks, memory sticks,
undeveloped film, homemade videotapes, handwritings, documents and
effects bearing a form of identification such as a person's name, photograph,
Social Security number or driver's license number;

7)      System documentation, operating logs, email content, images,
videos, files, folders and other documentation tending to identify victims,
witnesses, or other suspects

8)      Digital data files, whether stored on a personal computing device at
the aforementioned location or stored remotely and accessible by a personal
computing device at the aforementioned location for the presence of images
depicting children engaged in or simulating sexual conduct, children and
adults engaged in or simulating sexual conduct, or other writings that tend
to show dominion and control over the stored digital data files.

Affiant further requests that the court authorize the seizure and transportation of
any seized computer equipment and/or digital media to the Regional Computer
Forensic Laboratory (RCFL) for forensic search and analysis.

## AFFIANT'S QUALIFICATIONS

I am a Special Agent with U.S. Immigration and Customs Enforcement (ICE), Homeland
Security Investigations (HSI) within the Department of Homeland Security (DHS), who is also
cross deputized as a San Diego Sheriff's Department Special Deputy and assigned full time with
the San Diego Internet Crimes Against Children (hereinafter referred to as ICAC) Task Force. I
have been employed by ICE (formerly the United States Customs Service) as a Special Agent for
approximately thirteen (13) years. I have received training from the Federal Law Enforcement
Training Center (FLETC) and other law enforcement agencies in the area of child pornography
investigations and pedophile behavior. As part of my current duties, I investigate criminal
violations relating to child exploitation and child pornography including violations pertaining to
the illegal production, distribution, receipt, and possession of child pornography, in violation of 18
U.S.C. §§ 2251 and 2252(a) and California Penal Code 311.11(a) and sexual enticement of minors
in violation of 18 U.S.C. 2422(b) and 288.2(b) (Distribution of Lewd Material to a minor). I have
had the opportunity to observe and review numerous examples of child pornography in various
forms of media including computer media. In addition, I have participated in the execution of

-3-

1   numerous search warrants, approximately seventy-five of which involved child exploitation and/or

2   child pornography offenses and I am in routine contact with experts in the fields of computers,

3   computer forensics and Internet investigations.  In preparation of this affidavit, I have discussed

4   the facts of this case with other law enforcement agents/officers within the ICAC.

5

6                                          **PROBABLE CAUSE**

7

8        During the course of my duties, I have learned the following information based upon my

9   discussions with the named witnesses or by having read the reports of or talked with other peace

10  officers who have spoken directly with the named witnesses.  Since this affidavit is being

11  submitted for the limited purpose of securing a search warrant, I have not included each and every

12  fact known concerning this investigation.

13

14       On or about June 17, 2015, the National Center for Missing and Exploited Children

15  (hereinafter referred to as NCMEC) sent CyberTipline report 5074778 to the San Diego ICAC

16  Task Force.  NCMEC is a non-profit organization authorized by Congress to serve as the nation's

17  clearinghouse on issues related to missing and sexually exploited children.  NCMEC CyberTipline

18  report 5074778 documented that the Electronic Service Provider (hereinafter referred to as an

19  ESP) Google became aware of four (4) image files depicting suspected child pornography which

20  were uploaded to an email on June 4, 2015, Universal Time Coordinated (UTC) by an individual

21  utilizing email address soulrebelsd@gmail.com.  In addition, Google provided recent login

22  information associated with the soulrebelsd@gmail.com account, including logins from a

23  device(s) possessing Internet protocol (hereinafter referred to as an IP) address 99.113.198.241 on

24  June 4, 2015, at 15:07:19 UTC and on May 9, 2015, at 15:48:04 UTC.  Subsequent queries

25  pertaining to IP 99.113.198.241 revealed the address geo-located to the San Diego, California area

26  and AT&T Internet Services as the service provider.

27

28       I reviewed the four (4) images reported by Google to NCMEC and determined they depict

29  child pornography.  The following are descriptions of each of these images with their file names

30  and associated upload dates and times as identified by Google:

31       1. 140005125216.jpg – This image depicts a young nude girl, approximately five (5) to

32          nine (9) years of age, who is lying on her stomach with her face in the nude genital region

33          of an older female who is seated with her legs spread.  A second young girl, approximately

34          five (5) to nine (9) years of age, is also visible in this image and she is partially nude with

                                                    -4-

1   her vagina exposed.  Google identified this image was uploaded on June 4, 2015, at

2   16:11:04 UTC.

3   2. 140005183260.jpg – This image depicts a young nude girl, approximately five (5) to

4   nine (9) years of age, who is lying on top of an older nude female, approximately eighteen

5   years of age.  Within this image the girl's genital regions are pressed against one another

6   and the older girl appears to be touching the face of the younger child with her tongue.

7   Google identified this image was uploaded on June 4, 2015, at 16:11:21 UTC.

8   3. 140005129034.jpg – This image depicts a partially nude young girl, approximately five

9   (5) to nine (9) years of age, who is lying on her back with her legs spread and her vagina

10  exposed.  An older female is positioned in front of this girl's exposed vagina in this image

11  and the younger girl has her left hand on the vaginal/buttocks area of a second nude girl of

12  similar age.  Google identified this image was uploaded on June 4, 2015, at 16:11:06 UTC.

13  4. 140005200787.jpg – This image depicts a wider angle view of the previously referenced

14  images possessing file names 140005125216.jpg and 140005129034.jpg as reported by

15  Google.

16

17  On July 6, 2015, I submitted a Department of Homeland Security (DHS) Summons to

18  Google requesting subscriber information related to email account soulrebelsd@gmail.com.

19  Google responded and provided the following information in summary:

20  Name: Luke W

21  Creation Date: 03/13/2014

22

23  On July 6, 2015, I submitted a DHS Summons to AT&T Internet Services requesting

24  subscriber information related to IP address 99.113.198.241 on 06/04/2015 at 15:07:19 UTC and

25  05/09/2015 at 15:48:04 UTC.  AT&T Internet Services responded and provided the following

26  information in summary:

27  Name: Luke Wilson

28  Address: 6540 Reflection Drive, Apartment 1306, San Diego, CA 92124

29  Established Date: 08/18/2014

30

31  On July 20, 2015, I conducted database and law enforcement queries related to WILSON

32  revealing the following information in summary:

33  Name: Luke N WILSON

34  Date of Birth (DOB): 04/18/1980

35  CA Driver's License: B7009545

1    Registered Vehicle: 2011 BMW assigned CA license 6SYN376

2    Address: 6540 Reflection Drive, Apartment 1306, San Diego, CA 92124 (09/2014 to

3    07/2015)

4

5    On August 14, 2015, I conducted surveillance at 6540 Reflection Drive, Apartment 1306,

6    San Diego, CA 92124 and observed WILSON who I recognized from his CA driver's license

7    photograph enter the stair well adjacent to his apartment, number 1306, on the third floor of the

8    building and walk to his BMW vehicle assigned CA license 6SYN376 which was parked in a lot

9    south of the apartment building.  WILSON then drove out of the parking lot and departed the area

10   of his residence.

11

12                              **OPINIONS AND CONCLUSIONS**

13   From my training and experience I know the following:

14

15   Searches and seizures of evidence from computers requires investigators to seize most or

16   all computer items (hardware, software, passwords and instructions) to be processed later by a

17   qualified computer examination experts in a laboratory or other controlled environment.

18   Computer storage media to include but not limited to floppy disks, hard drives, tapes, DVD disks,

19   CD-ROM disks or other magnetic, optical or mechanical storage which can be accessed by

20   computers to store or retrieve data or images of child pornography can store the equivalent of

21   thousands of pages of information.  Users may store information or images in random order with

22   deceptive file names, which requires searching authorities to examine all the stored data to

23   determine whether it is included in the warrant.  This sorting process renders it impractical to

24   attempt this kind of data search on site. There are multiple variables that make on site examination

25   impractical.  Variables to include the types of file storage media and sizes of the file storage

26   media.  It is conceivable that an examination of a single hard drive could takes days or even

27   weeks, depending on potential evidence present on the hard drive.  Therefore, the possibility of

28   transporting to the SDICAC Office or the Regional Computer Forensic Laboratory (RCFL) for

29   additional forensics may be necessary.

30

31   Searching computer systems for criminal evidence requires experience in the computer

32   field and a properly controlled environment in order to protect the integrity of the evidence and

33   recover even "hidden", erased, compressed, password-protected, or encrypted files.  Since

-6-

computer evidence is extremely vulnerable to tampering or destruction (both from external sources and/or from destructive code imbedded in the system as a "booby trap"), the controlled environment of a laboratory is essential to its complete and accurate analysis.

In order to fully retrieve data from a computer system, the examiner needs all magnetic storage devices as well as the computer.  In cases like this the evidence consists partly of graphics files, the input and output devices to include but not limited to keyboards, mice, scanners, printers, monitors, network communication devices, modems and external or connected devices used for accessing computer storage media.  In addition, the examiner my need all the system software (operating systems or interfaces, and hardware drivers) and any applications software which may have been used to create the data (whether stored on hard drives or on external media) as well as documentation, items containing or displaying passwords, access codes, usernames or other identifiers necessary to examine or operate items, software or information seized or to activate specific equipment or software.

Files related to the exploitation of children found on computers are usually obtained from the Internet using application software which often leaves files, logs or file remnants which would tend to show the exchange, transfer, distribution, possession or origin of the files.

Computer software or hardware exists that allows persons to share Internet access over wired or wireless networks allowing multiple persons to appear on the Internet from the same IP address.  Examination of these items can reveal information about the authorized or unauthorized use of Internet connection at a business or residence.

Computers used to access the Internet usually contain files, logs or file remnants which would tend to show ownership and use of the computer as well as ownership and use of internet service accounts used for the internet access.

Search warrants of residences involved in computer related criminal activity usually produces items that would tend to establish ownership or use of computers and ownership or use of any Internet service accounts accessed to obtain child pornography to include credit card bills, telephone bills, correspondence and other identification documents.

Search warrants of residences usually reveals items that would tend to show dominion and control of the property searched, to include utility bills, telephone bills, correspondence, rental agreements and other identification documents.

Persons trading in, receiving, distributing or possessing images involving the exploitation of children or those interested in the actual exploitation of children often communicate with others through correspondence or other documents (whether digital or written) which could tend to identify the origin of the images as well as provide evidence of a person's interest in child pornography or child exploitation.

Based upon my training and experience I am aware of the use of remote digital storage to save and back up data. This is also known as "cloud" storage. "Cloud" storage is a commercially available service that may be used to save photographs, videos, e-mail messages, and other data tending to show dominion and control over the information stored remotely. The data stored by a user on a "cloud" is typically accessed via software installed on a personal computing device along with the entry of a unique username and password. The actual "cloud" storage facility is accessed locally, but can be located anywhere in the world. It can be difficult or impossible to determine whether any particular personal computing device is being used to store data remotely without conducting a search of the device.

A preferential sexual offender is a person whose primary sexual interest is in children. Preferential sexual offenders receive sexual gratification from actual contact with children and from fantasies involving children.

Preferential sexual offenders often collect sexually explicit material consisting of photographs, video tapes, books, and slides, which they use for their own sexual gratification and fantasy, and to show to potential child victims in an attempt to lower the child's inhibitions. Preferential sexual offenders rarely, if ever, dispose of such material, as it is treated as a prized possession.

The Internet has provided preferential sexual offenders with a virtually anonymous venue in which they can meet other people with the same sexual interests.

Preferential sexual offenders, in an effort to maintain anonymity, might have one or more on-line user identities.

1

2      Preferential sexual offenders often use a computer or other device, like a cell phone, to

3    electronically store and/or exchange image files.  These image files can be legal or illegal in

4    nature. These image files can be stored on a computer or on computer storage media, and viewed

5    anytime the preferential sexual offender chooses.

6

7      Preferential sexual offenders will often use Internet Services to post and exchange illegal

8    image files.  When files, including images, are shared or messages posted, the name of the user or

9    truncated email addresses, may be posted along with the file or message.

10

11      It is requested that any item seized during the lawful service of the search warrant be

12    disposed of in accordance with law by the Department of Homeland Security upon adjudication of

13    the case or if an item is determined to not have any evidentiary value, and that the officers serving

14    the search warrant be authorized, without necessity of further court order, to return seized items to

15    any known victim(s) and/or owners if such items have been photographically documented.

16

17      Based on the aforementioned information and investigation, I believe that grounds for the

18    issuance of a search warrant exist as set forth in Penal Code 1524 for the Penal Code section of

19    311.11(a) Possession of Child Pornography.

20

21      I, the affiant, hereby pray that a search warrant be issued for the seizure of said property, or

22    any part thereof, from said premise, good cause being shown therefore, and that the same be

23    brought before this magistrate or retained subject to the order of this Court.

24

25      This affidavit has been reviewed for legal sufficiency by Deputy District Attorney Leonard

26    Trinh.

27      Given under my hand and dated this __17th__ day of August, 2015.

28

29    Subscribed and sworn to before me

30    this __17th__ day of August, 2015,

31    at __9:25__   ( a.m./p.m.

32    _____

33    Judge of the Superior Court
          JOAN P. WEBER