JOHN D. KIRBY
CA Bar No. 149496
The Executive Complex
1010 Second Avenue,
Suite 2400, San Diego, CA 92101
Tel (619)557-0100 Fax (619)557-0123
Attorney for LUKE NOEL WILSON

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (THE HONORABLE JUDGE GONZALO P. CURIEL)

| | |
|---|---|
| UNITED STATES GOVERNMENT, | Case No. 15-CR-2838 GPC |
| Plaintiff, | **DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO SUPPRESS EVIDENCE AS A RESULT OF AN ILLEGAL SEARCH** |
| vs. | |
| LUKE NOEL WILSON | |
| Defendant. | |

## I.

### STATEMENT OF FACTS

Mr. Wilson incorporates by reference the statement of facts from his

MOTION TO SUPPRESS EVIDENCE.

//

//

//

//

# ARGUMENT

A. <u>The Government Unconstitutionally Expanded the "Search"
Conducted by Google</u>

The government argues that its' agent's <u>actual</u> search of Mr. Wilson's

email was no broader than Google's comparison of Mr. Wilson's email and

attachments to known hash values from a previous set of images deemed by a

Google employee to be child pornography. In support of this argument, it cites

<u>United States v. Jacobson</u>, 466 U.S. 109 (1984). In that case, a Federal Express

package had inadvertently been ripped open during shipping, exposing several

bricks of cocaine. A DEA agent was called, examine the exposed packages, and

conducted a field test which tested positive for cocaine. The Supreme Court

there held that the agent's search did not expand on the search already

conducted by Federal Express.

Here, Google did not view the images in this case. At best, a Google

analyst viewed a previous image when entering the hash in the hash database,

after making a subjective decision that the image portrayed child pornography.

The government is essentially asking this court to hold that the accuracy and

reliability of Google's hash database is beyond dispute. But that determination

is one for the judge, when asked to issue a search warrant. To borrow an

analogy, if the Pope called from a home and reported contraband, officers would

still need a warrant to search the home. Even if a warrant would inevitably be

issued, the Pope's credibility, like that of the Google employee, must still be measured by a neutral and detached magistrate.  McDonald v. United States, 335 U.S. 451, 455 (1948).

This case is in fact the inverse of Jacobson.  In Jacobson, a non-intrusive test was used after a full-blown search conducted by a private party.  Here, the government conducted a full-blown search after Google's limited private hash value test.  This case is not Jacobson.

Walter v. United States, 447 U.S. 649 (1980), is a case more on point.  In Walter, cited in Mr. Wilson's opening brief, the Court held that law enforcement's projection and viewing of films implicated the Constitution because the prior private search was much narrower, involving only the visual inspection of the labels on the outside of the film boxes.  See id. at 565-60.  That is the case here.  Google limited "search" only involved the comparison of Mr. Wilson's email to a hash value.  The government opened the actual image, expanding the search and implicating the Constitution.  The private search doctrine does not apply.[1]

B.    The "Good Faith" Exception does not apply.

As noted in Mr. Wilson's opening brief, the Supreme Court has never applied the good faith exception to an officer who was negligent himself, and

---

[1] While it is not binding precedent, this is exactly the reasoning used by now-Justice Gorsuch used in United States v. Ackerman, cite.

whose negligence directly led to the violation of the defendant's constitutional rights.  United States v. Camou, 773 F.3d 935, 944 (9th Cir. 2014).  Footnote 3 to Camou is particularly relevant here.  There, the Ninth Circuit concludes that "the officer who executed the unconstitutional search or seizure cannot have been the negligent actor." Id.  Here, S/A Thompson had a cyber report stating that NCMEC did not open the images, and a Google cover page that states it is an automated report.  S/A Thompson did not take the basic investigative step to determine whether any other party had previously viewed the images before simply opening them himself mail.  The negligent actor was S/A Thompson, and the good faith exception to the Constitution's warrant requirement does not apply.[2]

C.    Excising the Warrant Removes Probable Cause

The government argues that the affidavits for the warrants, absent the illegally seized evidence, still support a finding of probable cause.  This is simply not the case.  The cases cited by the government bears this out.  In United States v. Patrick, 365 Fed. Appx. 834 (9th Cir. 2010), a citizen informant had seen the images and described them to police.  In United States v. Smith,

---

[2] The section of the government's response that argues that S/A Thompson didn't mislead the magistrate in later gaining the warrants completely misses the point.  The act at issue here has nothing to do with misleading the magistrate in the issuance of the later warrants.  It is the warrantless search of Mr. Wilson's email, and then using that illegally obtained information to obtain the warrants.

795 F.3d 841 (9th Cir. 1986), a postal inspector had similarly <u>seen</u> photos of juveniles engaged in explicit sexual conduct. Finally, in <u>United States v. Thomas</u>, 788 F.3d 345 (2nd Cir. 2015), the agent had laid out the "in considerable detail" the manner in which the software used to create the matching hash operated. <u>Id.</u> at 351.

Here, excising the description of the images, the warrant refers only to NCMEC, at a cybertipline report which documented that Google became aware of four (4) suspected child pornography images. There is no mention of hashes, let alone how they work. <u>See</u> Gov. Exhibit 4. This may be sufficient to get a search warrant to open the particular emails at issue, but it is clearly insufficient to gain a search warrant for Mr. Wilson's home, or for that matter Mr. Wilson's entire email account. The warrant, if the illegally seized information is excised, does not contain probable cause.[3]

Finally, as to the backpack that Mr. Wilson tossed out of his bedroom window as the search warrant was being executed, this too is fruit of the illegal search of Mr. Wilson's home. Had S/A Thompson not illegally opened Mr. Wilson's email, he would not have gained the warrant to the home, and Mr. Wilson would never have tossed the backpack out of the window. <u>See</u> <u>Segua v. United States</u>, 468 U.S. 796, 804 (1983) (Taint "extends as well to the indirect

---

[3] The government also mentions evidence gained from Ms. Arriola's statements. But the government would never have found Ms. Arriola but for its illegal search of Mr. Wilson's home and email.

as the directs products of unconstitutional acts.").  In addition, it should be noted that Mr. Wilson did not throw the backpack on the property of another, but rather the curtilage of his apartment complex where it was picked up by an officer there for the purpose of assisting in the execution of the warrant.  Again, that officer would not have been there but for the illegal warrant executed by S/A Thompson.  Mr. Wilson also at no time denied ownership of the backpack. In sum, Mr. Wilson's backpack was not "abandoned," and was fruit of the illegal search.

D.     Mr. Wilson had an Expectation of Privacy in His Email

The government takes the position, at this late juncture, that Mr. Wilson has no reasonable expectation of privacy in his email.  Initially, this argument bypasses the fact that the government committed a trespass of Mr. Wilson's house and effects when it illegally searched as seized his email.  See United States v. Jones, 565 U.S. 400 (2012); United States v. Mohamud, 843 F.3d 420, 442 (9th Cir. 2016) ("until electronic communications reach the recipient, they retain the same level of privacy interest if they were still in the home").

Moreover, for the reasons set forth in Mr. Wilson's opening brief, he had a subjective and objectively reasonable expectation of privacy in his email and attachments.

### III.
### CONCLUSION

For the reasons set forth above, the evidence gleaned from the illegal search of Mr. Wilson's email and attachments, and all of the tainted "fruits" of that initial search, must be suppressed.

Respectfully Submitted,


Dated: March 16, 2017                                    /S/ JOHN D. KIRBY
                                                         JOHN D. KIRBY

# THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (THE HONORABLE JUDGE GONZALO P. CURIEL)

United States of America,

          Plaintiff,

        vs.

Luke Noel Wilson ,

          Defendant,

) Case No. 15-CR-2838 GPC
)
) **PROOF OF SERVICE**
)
)
)
)
)
)
)

I, the undersigned, hereby declare as follows:

1. I am over 18 years of age, a resident of the County of San Diego, State of California, counsel for the Defendant and that my address is 1010 Second Avenue, Suite 2400, San Diego, CA 92101;

2. That today I served the Defendant's Reply Brief re Motion to Suppress Evidence on opposing counsel by causing to be delivered by e-filing to the Office of the Clerk; and that I mailed a copy to Defendant.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: May 15, 2017            /s/Adriana Buelna_____
                                 Adriana Buelna