UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LUKE NOEL WILSON,<br><br>　　　　　Defendant. | Case No. 15cr2838-GPC<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

　　　WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in properties of the above-named Defendant, LUKE NOEL WILSON ("Defendant"), pursuant to Title 18, United States Code, Sections 2253(a) and (b), as visual depictions, property, real, and personal, constituting or traceable to gross profits or other proceeds, and any property, real and personal, used or intended to be used to commit or to promote the commissions of the offenses, in violation of Title 18, United States Code, Section 2252(a)(2) and 2252(a)(4)(B), as charged in the Indictment; and

　　　WHEREAS, on October 23, 2017, a bench trial was held, at which the Court found the Defendant Guilty of Counts 2 and 3 of the Indictment and ordered criminal forfeiture of sixteen items listed on page 12 of Government's Bench Trial Memorandum, namely:

//

1. Seagate 1000 Gigabyte (GB) hard drive (S/N: 6TE039TR)
2. Seagate 320 GB hard drive (S/N: 6QF0505FE)
3. Seagate 1000 GB hard drive (S/N: W1F1135E)
4. SanDisk 64 GB thumb drive
5. Hewlett Packard Elite Book 840 laptop (S/N: 5CG2590M2J) and power cord
6. Seagate 500 GB hard drive (S/N: W62578GQ)
7. Antech Computer
8. Samsung 256 GB hard drive (S/N: S12RNEACC67187A)
9. Seagate 3 Terabyte (TB) hard drive (S/N: W1F22Y6M)
10. Seagate 3 Terabye (TB) hard drive (S/N: W1F243VT)
11. HP wireless receiver
12. Microsoft wireless receiver
13. TP Link wireless receiver
14. TP Link wireless install CD
15. Kingston thumb drive
16. Ten CDs/DVDs; and

WHEREAS, the Court has determined, based on the evidence already in the record, that the Defendant has an interest in such properties, and that the United States has established the requisite nexus between the properties and the offenses; and

WHEREAS, as a result of the offenses in Counts 2 and 3 of the Indictment, of which the Defendant was convicted, the United States is now entitled to possession of said properties, pursuant to 18 U.S.C. § 2253(a) and (b) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which were found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Upon the entry of this Order, the United States is authorized to take custody of the following properties, and all right, title and interest of Defendant LUKE NOEL WILSON in the following properties are hereby forfeited to the

United States for disposition in accordance with the law, subject to the provisions of 21 § 853(n):

>   (1) computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct and
>
>   (2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses to which the defendant was found guilty, including:
>
>   1. Seagate 1000 Gigabyte (GB) hard drive (S/N: 6TE039TR)
>   2. Seagate 320 GB hard drive (S/N: 6QF0505FE)
>   3. Seagate 1000 GB hard drive (S/N: W1F1135E)
>   4. SanDisk 64 GB thumb drive
>   5. Hewlett Packard Elite Book 840 laptop (S/N: 5CG2590M2J) and power cord
>   6. Seagate 500 GB hard drive (S/N: W62578GQ)
>   7. Antech Computer
>   8. Samsung 256 GB hard drive (S/N: S12RNEACC67187A)
>   9. Seagate 3 Terabyte (TB) hard drive (S/N: W1F22Y6M)
>   10. Seagate 3 Terabye (TB) hard drive (S/N: W1F243VT)
>   11. HP wireless receiver
>   12. Microsoft wireless receiver
>   13. TP Link wireless receiver
>   14. TP Link wireless install CD
>   15. Kingston thumb drive
>   16. Ten CDs/DVDs.

2. The aforementioned forfeited assets are to be held by United States Homeland Security Investigations in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,

the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States must also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

Dated: February 8, 2018

Hon. Gonzalo P. Curiel
United States District Judge