AO 245B (CASDRev. 08/13) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
JAN 0 3 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES OF AMERICA
V.
LUKE NOEL WILSON (1)

**AMENDED JUDGMENT AFTER REMAND**
(For Offenses Committed On or After November 1, 1987)

Case Number: 15CR2838-GPC

DEVIN JAI BURSTEIN
Defendant's Attorney

**REGISTRATION NO.** 51288298

☒ Correction of Sentence on Remand (Fed. R. Crim. P. 35); Previously Imposed Sentence is Hereby Set Aside and Vacated

THE DEFENDANT:

☒ was found guilty on count(s) 2-3 of the Indictment after a plea of not guilty

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 2252(a)(2) | Distribution of Images of Minors Engaged in Sexually Explicit Conduct | 2 |
| 18 USC 2252(a)(4)(B) | Possession of Matters Containing Images of Minors Engaged in Sexually Explicit Conduct | 3 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  Remaining count   dismissed on the motion of the United States.

☒ Assessment : $200.00 ($100 per count)

JVTA Assessment*: $5,000 - Waived
☒ The Court finds the defendant indigent.
*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ Fine waived   ☒ Forfeiture pursuant to order filed   2/8/2018  , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

December 19, 2018
Date of Imposition of Sentence

*[signature]*

HON. GONZALO P. CURIEL
UNITED STATES DISTRICT JUDGE

15CR2838-GPC

DEFENDANT:     LUKE NOEL WILSON (1)                                    Judgment - Page **2** of **6**
CASE NUMBER:   15CR2838-GPC

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of:
132 MONTHS ON EACH COUNT TO RUN CONCURRENTLY WITH CASE SD263466.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒ The court makes the following recommendations to the Bureau of Prisons:
**The Court recommends placement in the Western Region (Southern California).**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ A.M. on _____
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ on or before
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
10 YEARS ON EACH COUNT TO RUN CONCURRENTLY WITH CASE SD263466.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994*:

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (*Check, if applicable.*)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- ☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check if applicable.*)
- ☐ The defendant shall participate in an approved program for domestic violence. (*Check if applicable.*)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit your person, property, residence, abode, vehicle, papers, computer, social media accounts, any other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct, and otherwise in the lawful discharge of the officer's duties. 18 U.S.C. §§ 3563 (b)(23); 3583 (d)(3). Failure to submit to a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition.
2. Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court.
3. Not use or possess devices which can communicate data via modem or dedicated connection and may not have access to the Internet without prior approval from the court or the probation officer. The offender shall consent to the installation of systems that will enable the probation officer to monitor computer use on any computer owned or controlled by the offender. The offender shall pay for the cost of installation of the computer software.
4. Not associate with, or have any contact with any known sex offenders unless in an approved treatment and/or counseling setting.
5. Not initiate any contact (personal, electronic or otherwise) or associate with anyone known to be under the age of 18, unless in the presence of a supervising adult who is aware of the offender's deviant sexual behavior and nature of offense and conviction, unless approved in advance by the probation officer.
6. Not accept or commence employment or volunteer activity without prior approval of the probation officer, and employment should be subject to continuous review and assessment by the probation officer.
7. Not loiter within 200 yards of a school, schoolyard, playground, park, amusement center/park, public swimming pool, arcade, daycare center, carnival, recreation venue, library and other places primarily frequented by persons under the age of 18, without prior approval of the probation officer.
8. Not knowingly possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), and not patronize any place where such materials or entertainment are the primary material or entertainment available.
9. Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of the ABEL assessment, at the direction of the court or probation officer. If deemed necessary by the treatment provider, the offender shall participate and successfully complete an approved state-certified sex offender treatment program, including compliance with treatment requirements of the program. The Court authorizes the release of the presentence report,

and available psychological evaluations to the treatment provider, as approved by the probation officer. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. Polygraph examinations may be used following completion of the formal treatment program as directed by the probation officer in order to monitor adherence to the goals and objectives of treatment and as a part of the containment model.
10. Reside in a residence approved in advance by the probation officer, and any changes in residence shall be pre-approved by the probation officer.
11. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 USC § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons or any other state sex offender registration agency in which he resides, works or is a student, or was convicted of a qualifying offense.
12. If deported, excluded or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion, or voluntary departure.

//

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| | |
|---|---|
| DEFENDANT: LUKE NOEL WILSON (1)<br>CASE NUMBER: 15CR2838-GPC | Judgment - Page 6 of 6 |

## RESTITUTION

The defendant shall pay restitution in the amount of _____ unto the United States of America.

**See attached Restitution order.**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | Case No.: 15-CR-2838-GPC |
|---|---|
| Plaintiff, | RESTITUTION ORDER |
| vs. | |
| LUKE NOEL WILSON, | |
| Defendant. | |

Upon consideration of the agreement of the parties' regarding restitution and the files and records of this case and good cause appearing,

**IT IS HEREBY ORDERED**

1. Pursuant to 18 U.S.C. §2559 and 18 U.S.C. §3663A that Defendant LUKE NOEL WILSON (hereinafter "Defendant") shall pay restitution in the amount of **$4,500** as a result of Defendant's conviction for violating 18 U.S.C. §2252(a)(4). Restitution shall be paid to the following victims in the specified amounts, pro rata:

   a. $1,500 to "Casseaopeia" of the "Lighthouse" series;
   b. $1,500 to "Jane" of the "Cinder Block Blue" series; and

1

|||c.|$1,500 to "Amy" of the "Misty" series.

2. Defendant shall make a bona fide effort to pay restitution in full as soon as practicable.

3. After considering the factors set forth in 18 U.S.C. § 3664(f)(2), the Court finds that the Defendant does not have the ability to pay the restitution as set forth in the following payment schedule:

|||a.|During any period of incarceration, Defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of Defendant's income, or $25.00 per quarter, whichever is greater.

|||b.|Upon release from custody, Defendant shall pay restitution at the rate of at least $ 100.00 per month, subject to modification upon further agreement of the parties or order of the Court.

4. This payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).

5. If payment has not already been made in full, interest will accrue on the restitution amount in the manner prescribed by 18 U.S.C. §3612.

6. Defendant shall forward all restitution payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

Clerk of the Court
United States District Court
Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

The bank or cashier's check or money order shall reference "Luke Noel Wilson" and "Case No. 15cr2838." The Clerk of the Court shall distribute payments to "Casseaopeia," "Jane," and "Amy" at addresses to be provided to the Clerk's Office by the United States Attorney's Office.

7. Until restitution has been paid, Defendant shall notify the Clerk of the Court

and the United States Attorney's Office's Forfeiture and Financial Litigation Section of any change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution no later than thirty days after the change occurs.

8. Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office's Forfeiture and Financial Litigation Section of any change in mailing or residence address, no later than thirty days after the change occurs.

**IT IS SO ORDERED.**

DATED: December 19, 2018

_____
HONORABLE GONZALO P. CURIEL
United States District Judge